DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant Alfred Cleveland appeals the denial of his motion for a new trial. We affirm.
 I.
On February 2, 1996, Cleveland was convicted of aggravated murder in violation of R.C. 2903.01(A). On December 2, 1996, Cleveland filed a motion for a new trial, claiming that he had discovered new evidence that the prosecution had improperly withheld. The motion was supported by an affidavit of Jerimah Abdullah who had been with Cleveland's victim, Marsha Blakely, just before the murder. Abdullah claimed that Blakely was a "goodo," a female who exchanges sexual favors for drugs or money, and that he had introduced Blakely to a pair of Hispanic men on the evening that Blakely was murdered. Abdullah claimed that he could identify the Hispanic men and that Cleveland was not one of them. Abdullah also claimed that he had given this information to the police.
The trial court held a hearing on Cleveland's motion for a new trial and denied the motion, stating: "DEFENDANT'S MOTION FOR A NEW TRIAL IS DENIED AS DEFENDANT FAILED TO PRODUCE EVIDENCE AT HEARING ON 06/09/97 TO SUPPORT HIS MOTION."
 II.
Appellate courts should indulge all reasonable presumptions consistent with the record in favor of the validity and regularity of the proceedings below. State v. Grant (1993), 67 Ohio St.3d 465,483. Therefore, when evaluating the denial of a motion for new trial, "a reviewing court will presume that the court did its duty and had before it sufficient evidence to warrant its action, and the party complaining must affirmatively show by the record that such was not the case." Gerak v. State (1920), 22 Ohio App. 357,367-368.
The record does not contain a transcript of the hearing on Cleveland's motion for a new trial. Thus, there is nothing in the record to contradict the trial court's conclusion that Cleveland failed to produce evidence at the hearing. Additionally, the prosecution claims, and Cleveland does not dispute, that no evidence was offered at this hearing. Therefore, it was well within the trial court's discretion to deny the motion.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ DANIEL B. QUILLIN
FOR THE COURT
SLABY, P. J.
REECE, J.
CONCUR.